IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MASIMO CORPORATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   C.A. No. _____ |
| | ) |
| PHILIPS ELECTRONICS NORTH | )   **DEMAND FOR JURY TRIAL** |
| AMERICA CORPORATION and PHILIPS | ) |
| MEDIZIN SYSTEME BÖBLINGEN GMBH, | ) |
| | ) |
| Defendants. | ) |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Masimo Corporation ("Masimo") hereby complains of Defendants Philips Electronics North America Corporation and Philips Medizin Systeme Böblingen GmbH (collectively, "Philips") and alleges as follows:

**PARTIES**

1. Plaintiff Masimo is a Delaware corporation having its principal place of business at 40 Parker, Irvine, California 92618.

2. Upon information and belief, Defendant Philips Electronics North America Corporation ("Philips NA") is a Delaware corporation having its principal place of business at 3000 Minuteman Rd., Andover, Massachusetts 01810. Defendant Philips NA resides in Delaware and is subject to personal jurisdiction in Delaware.

3. Upon information and belief, Defendant Philips Medizin Systeme Böblingen GmbH ("Philips Böblingen") is a corporation organized and existing under the laws of Germany having its principal place of business at Hewlett-Packard-Strasse 2, 71034 Böblingen, Germany. Defendant Philips Böblingen conducts substantial and continuous business in the United States, and is subject to personal jurisdiction in Delaware.

## SUBJECT MATTER JURISDICTION AND VENUE

4. This action is one for patent infringement arising under 35 U.S.C. § 271.

5. The Court has jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

6. Venue lies in this district under 28 U.S.C. § 1391(b), (c), (d), and 1400(b).

## THE PATENTS-IN-SUIT

7. Masimo is the owner by assignment of U.S. Patent No. 7,530,955 entitled "Signal Processing Apparatus" ("the '955 patent") which the United States Patent and Trademark Office lawfully and duly issued on May 12, 2009. A true and correct copy of the '955 patent is attached hereto as Exhibit 1.

## CLAIM FOR RELIEF

8. Masimo realleges and reincorporates the allegations set forth in Paragraphs 1 through 7.

9. Upon information and belief, Philips has made, used, offered to sell, and/or sold within the United States, and/or has imported into the United States, products including at least pulse oximeters incorporating a technology Philips calls "Fourier Artifact Suppression Technology" ("FAST-SpO2") such as Philip's IntelliVue line of patient monitors, including, without limitation, Philips MP20/30, MP40/50, and MP60/70/80/90 monitors and Philips MMS X2 transport monitors.

10. Upon information and belief, Philips products, including at least products incorporating FAST-SpO2 technology, infringe at least one claim of the '955 patent under 35 U.S.C. § 271(a), (b), and/or (c).

11. Upon information and belief, Philips was aware of the existence of the '955 patent.

12. Upon information and belief, Philips' infringement of the '955 patent has been, and continues to be, willful, deliberate, and intentional by continuing its acts of infringement after being placed on notice of its infringement thus acting in reckless disregard of Masimo's patent rights.

13. As a consequence of Philips' patent infringement of the '955 patent, Masimo has suffered and will continue to suffer harm and injury, including monetary damages in an amount to be determined at trial.

14. Upon information and belief, unless enjoined, Philips, and/or others acting on behalf of Philips, will continue their infringing acts, thereby causing additional irreparable injury to Masimo for which there is no adequate remedy at law.

## PRAYER FOR JUDGMENT AND RELIEF

WHEREFORE, Masimo requests judgment as follows:

(1) Pursuant to 35 U.S.C. § 271, a determination that defendants and their officers, agents, servants, employees, attorneys and all others in active concert and/or participation with them have infringed Masimo's '955 patent through the manufacture, use, offer for sale, and/or sale of infringing products and/or any of the other acts prohibited by 35 U.S.C. § 271;

(2) Pursuant to 35 U.S.C. § 283, a determination that defendants and their officers, agents, servants, employees, attorneys and all others in active concert and/or participation with them should be enjoined from infringing Masimo's '955 patent through the manufacture, use, offer for sale, and/or sale of infringing products and/or any of the other acts prohibited by 35 U.S.C. § 271, including preliminary and permanent injunctive relief;

    (3) Pursuant to 35 U.S.C. § 284, a determination that defendants should be required to compensate Masimo for infringement of Masimo's '955 patent through payment of not less than a reasonable royalty on Philips' sales of infringing products, and including lost profits;

    (4) Pursuant to 35 U.S.C. § 284, an award increasing damages up to three times the amount found or assessed by the jury for Philips' infringement of the '955 patent in view of the willful and deliberate nature of the infringement;

    (5) Pursuant to 35 U.S.C. § 285, a finding that this is an exceptional case, and an award of reasonable attorney's fees and costs; and

    (6) That Masimo be granted such other and further relief as the Court deems equitable and just in the circumstances.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Julia Heaney (#3052)*

Jack B. Blumenfeld (#1014)
Julia Heaney (#3052)
Jeremy A. Tigan (#5239)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
jblumenfeld@mnat.com
jheaney@mnat.com
jtigan@mnat.com
 *Attorneys for Plaintiff, Masimo Corporation*

OF COUNSEL:

Joseph R. Re
Karen Vogel Weil
Jon W. Gurka
Perry D. Oldham
Michelle E. Armond
KNOBBE MARTENS OLSON
 & BEAR, LLP
2040 Main Street
Fourteenth Floor
Irvine, CA 92614
(949) 760-0404

August 19, 2011
4444006.2