**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| MASIMO CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 11-742-LPS-MPT |
| | ) | |
| PHILIPS ELECTRONICS NORTH | ) | **JURY TRIAL DEMANDED** |
| AMERICA CORPORATION and PHILIPS | ) | |
| MEDIZIN SYSTEME BÖBLINGEN GMBH, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' ANSWER AND PHILIPS ELECTRONICS NORTH AMERICA
CORP.'S COUNTERCLAIMS TO MASIMO'S SECOND AMENDED COMPLAINT**

Defendants Philips Electronics North America Corporation and Philips Medizin Systeme

Böblingen Gmbh (collectively "Philips") by and through undersigned counsel, hereby answer the

Second Amended Complaint ("Complaint") filed by plaintiff Masimo Corporation ("Masimo").

Philips hereby responds in numbered paragraphs corresponding to numbered paragraphs of the

Complaint, and in doing so denies the allegations of the Complaint except as specifically stated:

**PARTIES**

1.      Plaintiff Masimo is a Delaware corporation having its principal place of business
at 40 Parker, Irvine, California 92618.

**ANSWER TO PARAGRAPH 1**:  Philips is without sufficient knowledge or information to

form a belief as to the truth of the allegations contained in Paragraph 1 and on that basis denies

each and every such allegation.

2.      Upon information and belief, Defendant Philips Electronics North America
Corporation ("Philips NA") is a Delaware corporation having its principal place of business at
3000 Minuteman Rd., Andover, Massachusetts 01810.  Defendant Philips NA resides in
Delaware and is subject to personal jurisdiction in Delaware.

**ANSWER TO PARAGRAPH 2**:  Philips admits that Philips Electronics North America

Corporation is a Delaware corporation having its principal place of business at 3000 Minuteman

Road, Andover, Massachusetts 01810.  Philips admits that Philips Electronics North America

Corporation is subject to personal jurisdiction in Delaware.  Otherwise, Philips denies the

remaining allegations in Paragraph 2.

3.      Upon information and belief, Defendant Philips Medizin Systeme Böblingen
GmbH ("Philips Böblingen") is a corporation organized and existing under the laws of Germany
having its principal place of business at Hewlett-Packard-Strasse 2, 71034 Böblingen, Germany.
Defendant Philips Böblingen conducts substantial and continuous business in the United States,
and is subject to personal jurisdiction in Delaware.

**ANSWER TO PARAGRAPH 3**:  Philips admits that Philips Medizin Systeme Böblingen

GmbH is a corporation organized and existing under the laws of Germany having its principal

place of business at Hewlett-Packard-Strasse 2, 71034 Böblingen, Germany.  Philips does not

contest the exercise of personal jurisdiction over Philips Medizin Systeme Böblingen Gmbh for

the sole purpose of this litigation.  Otherwise, Philips denies the remaining allegations in

Paragraph 3.

## SUBJECT MATTER JURISDICTION AND VENUE

4.      This action is one for patent infringement arising under 35 U.S.C. § 271.

**ANSWER TO PARAGRAPH 4**:  Philips admits that the Complaint purports to set forth a claim

under 35 U.S.C. § 271.  However, Philips denies that Plaintiff has a valid claim.

5.      The Court has jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

**ANSWER TO PARAGRAPH 5**:  Philips admits that the Court has jurisdiction under 28 U.S.C.

§§ 1331 and 1338(a).

6.      Venue lies in this district under 28 U.S.C. § 1391(b), (c), (d), and 1400(b).

**ANSWER TO PARAGRAPH 6**:  Philips admits that venue lies in this district under 28 U.S.C.

§§ 1391(b), (c), (d), and 1400(b).

## THE PATENTS-IN-SUIT

7.      Masimo is the owner by assignment of U.S. Patent No. 7,530,955 entitled "Signal Processing Apparatus" ("the '955 patent") which the United States Patent and Trademark Office lawfully and duly issued on May 12, 2009.  A true and correct copy of the '955 patent is attached hereto as Exhibit 1.

**ANSWER TO PARAGRAPH 7**:  Philips admits that on its face U.S. Patent No. 7,530,955

("the '955 patent") is entitled "Signal Processing Apparatus" and that on its face it bears an issue

date of May 12, 2009.  Otherwise, Philips denies the remaining allegations in Paragraph 7.

8.      Masimo is the owner by assignment of U.S. Patent No. 8,019,400 entitled "Signal Processing Apparatus" ("the '400 patent") which the United States Patent and Trademark Office lawfully and duly issued on September 13, 2011.  A true and correct copy of the '400 patent is attached hereto as Exhibit 2.

**ANSWER TO PARAGRAPH 8**:  Philips admits that on its face U.S. Patent No. 8,019,400

("the '400 patent") is entitled "Signal Processing Apparatus" and that on its face it bears an issue

date of September 13, 2011.  Otherwise, Philips denies the remaining allegations in Paragraph 8.

9.      Masimo is the owner by assignment of U.S. Patent No. 8,128,572 entitled "Signal Processing Apparatus" ("the '572 patent") which the United States Patent and Trademark Office lawfully and duly issued on March 6, 2012. A true and correct copy of the '572 patent is attached hereto as Exhibit 3.

**ANSWER TO PARAGRAPH 9**:  Philips admits that on its face U.S. Patent No. 8,128,572

("the '572 patent") is entitled "Signal Processing Apparatus" and that on its face it bears an issue

date of March 6, 2012.  Otherwise, Philips denies the remaining allegations in Paragraph 9.

## DEFENDANTS' ACTIVITIES

10.     Upon information and belief, Philips has made, used offered to sell, and/or sold within the United States, and/or has imported into the United States, products including at least pulse oximeters incorporating a technology Philips calls "Fourier Artifact Suppression Technology" ("FAST-SpO2") such as Philip's IntelliVue line of patient monitors, including, without limitation, Philips MP20/30, MP40/50, and MP60/70/80/90 monitors and Philips MMS X2 transport monitors.

**ANSWER TO PARAGRAPH 10**:  Philips admits it has made, used, offered to sell, or sold in

the United States products incorporating Fourier Artifact Suppression Technology ("FAST").

Philips admits that it has made, used, offered to sell, or sold in the United States the MP20,

MP30, MP40, MP50, MP60, MP70,  and MP90 monitors and the MMS X2 transport monitor.

Otherwise, Philips denies the remaining allegations in Paragraph 10.

## FIRST CLAIM FOR RELIEF ('955 PATENT)

11.     Masimo realleges and reincorporates the allegations set forth in Paragraphs 1 through 10.

**ANSWER TO PARAGRAPH 11**:  Philips incorporates herein and realleges its answers to

Paragraphs 1-10.

12.     Upon information and belief, Philips products, including at least products incorporating FAST-SpO2 technology, infringe at least one claim of the '955 patent under 35 U.S.C. § 271(a), (b), and/or (c).

**ANSWER TO PARAGRAPH 12**:  Philips denies each and every allegation contained in

Paragraph 12.

13.     Upon information and belief, Philips was aware of the existence of the '955 patent.

**ANSWER TO PARAGRAPH 13**:  Philips admits that Masimo has made Philips aware of the

existence of the '955 patent, at least by virtue of the filing of this lawsuit.

14.     Upon information and belief, Philips' infringement of the '955 patent has been, and continues to be, willful, deliberate, and intentional by continuing its acts of infringement after being placed on notice of its infringement thus acting in reckless disregard of Masimo's patent rights.

**ANSWER TO PARAGRAPH 14**:  Philips denies each and every allegation contained in

Paragraph 14.

15.     As a consequence of Philips' patent infringement of the '955 patent, Masimo has suffered and will continue to suffer harm and injury, including monetary damages in an amount to be determined at trial.

**ANSWER TO PARAGRAPH 15**:  Philips denies each and every allegation contained in

Paragraph 15.

16.     Upon information and belief, unless enjoined, Philips, and/or others acting on behalf of Philips, will continue their infringing acts, thereby causing additional irreparable injury to Masimo for which there is no adequate remedy at law.

**ANSWER TO PARAGRAPH 16**:  Philips denies each and every allegation contained in

Paragraph 16.

## SECOND CLAIM FOR RELIEF ('400 PATENT)

17.     Masimo realleges and reincorporates the allegations set forth in Paragraphs 1 through 16.

**ANSWER TO PARAGRAPH 17**:  Philips incorporates herein and realleges its answers to

Paragraphs 1-16.

18.     Upon information and belief, Philips products, including at least products incorporating FAST-SpO2 technology, infringe at least one claim of the '400 patent under 35 U.S.C. § 271(a), (b), and/or (c).

**ANSWER TO PARAGRAPH 18**:  Philips denies each and every allegation contained in

Paragraph 18.

19.     Upon information and belief, Philips was aware of the existence of the '400 patent.

**ANSWER TO PARAGRAPH 19**:  Philips admits that Masimo has made Philips aware of the

existence of the '400 patent, at least by virtue of the filing of this lawsuit.

20.     Upon information and belief, Philips' infringement of the '400 patent has been, and continues to be, willful, deliberate, and intentional by continuing its acts of infringement after being placed on notice of its infringement thus acting in reckless disregard of Masimo's patent rights.

**ANSWER TO PARAGRAPH 20**:  Philips denies each and every allegation contained in

Paragraph 20.

21.     As a consequence of Philips' patent infringement of the '400 patent, Masimo has suffered and will continue to suffer harm and injury, including monetary damages in an amount to be determined at trial.

**ANSWER TO PARAGRAPH 21**:  Philips denies each and every allegation contained in

Paragraph 21.

22.     Upon information and belief, unless enjoined, Philips, and/or others acting on behalf of Philips, will continue their infringing acts, thereby causing additional irreparable injury to Masimo for which there is no adequate remedy at law.

**ANSWER TO PARAGRAPH 22**:  Philips denies each and every allegation contained in

Paragraph 22.

### THIRD CLAIM FOR RELIEF ('572 PATENT)

23.     Masimo realleges and reincorporates the allegations set forth in Paragraphs 1 through 22.

**ANSWER TO PARAGRAPH 23**:  Philips incorporates herein and realleges its answers to

Paragraphs 1-22.

24.     Upon information and belief, Philips products, including at least products incorporating FAST-SpO2 technology, infringe at least one claim of the '572 patent under 35 U.S.C. § 271(a), (b), and/or (c).

**ANSWER TO PARAGRAPH 24**:  Philips denies each and every allegation contained in

Paragraph 24.

25.     As a consequence of Philips' patent infringement of the '572 patent, Masimo has suffered and will continue to suffer harm and injury, including monetary damages in an amount to be determined at trial.

**ANSWER TO PARAGRAPH 25**:  Philips denies each and every allegation contained in

Paragraph 25.

26.     Upon information and belief, Philips was aware of the existence of the '572 patent.

**ANSWER TO PARAGRAPH 26**:  Philips admits that Masimo has made Philips aware of the

existence of the '572 patent, at least by virtue of the filing of this lawsuit.

27.     Upon information and belief, Philips' infringement of the '572 patent has been, and continues to be, willful, deliberate, and intentional by continuing its acts of infringement after being placed on notice of its infringement thus acting in reckless disregard of Masimo's patent rights.

**ANSWER TO PARAGRAPH 27**:  Philips denies each and every allegation contained in

Paragraph 27.

28.     Upon information and belief, unless enjoined, Philips, and/or others acting on behalf of Philips, will continue their infringing acts, thereby causing additional irreparable injury to Masimo for which there is no adequate remedy at law.

**ANSWER TO PARAGRAPH 28**:  Philips denies each and every allegation contained in

Paragraph 28.

## PRAYER FOR JUDGMENT AND RELIEF

29.     Philips denies that Masimo is entitled to either the requested relief or any other

relief.

## DEFENSES

Philips hereby asserts the following defenses without undertaking or otherwise shifting

any applicable burdens of proof.  Philips reserves the right to assert additional defenses, as

warranted by facts revealed through investigation and discovery.

### FIRST DEFENSE – FAILURE TO STATE A CLAIM

30.     Masimo's Complaint fails to state a claim on which relief can be granted.

### SECOND DEFENSE – NON-INFRINGEMENT

31.     Philips does not infringe, has not infringed, and does not and has not induced

infringement or contributed to infringement of any claim of the '955, '400, or '572 patent under

any theory, including literal infringement or infringement under the doctrine of equivalents.

### THIRD DEFENSE - INVALIDITY

32.     The '955, '400, and '572 patents are invalid for failure to comply with one or more provisions of Title 35, United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, and 112.

### FOURTH DEFENSE – PROSECUTION HISTORY ESTOPPEL

33.     By reason of the proceedings in PTO during the prosecution of the application that resulted in issuance of the '955, '400, and '572 patents, as shown by the prosecution histories thereof, Masimo is estopped from maintaining that any claim of the '955, '400, or '572 patents cover any of Philips' products.

### FIFTH DEFENSE – WAIVER, LACHES AND ESTOPPEL

34.     Masimo's claims are barred by the doctrines of waiver, equitable estoppel, and/or laches.

### SIXTH DEFENSE – FAILURE TO MARK

35.     To the extent Masimo has failed to comply with the notice requirements of 35 U.S.C. § 287, Masimo is barred from all monetary relief for acts that occurred prior to Masimo providing actual notice to Philips.

### SEVENTH DEFENSE – LIMITATION OF DAMAGES

36.     Pursuant to 35 U.S.C. § 286, Masimo is barred from recovering any damages for acts that occurred more than six years before it filed the Complaint in this action.

### EIGHTH DEFENSE – NON-ENTITLEMENT TO COSTS

37.     Masimo is not entitled to any costs in this lawsuit because of its failure to comply with 35 U.S.C. § 288.

## NINTH DEFENSE – UNCLEAN HANDS

38.     Masimo is not entitled to any relief in this action because it has come to this Court with unclean hands.

## TENTH DEFENSE – PATENT MISUSE

39.     Philips hereby incorporates by reference the allegations contained in Paragraphs 41-79 of its Answer to Masimo's First Amended Complaint (D.I. 11) filed November 7, 2011.

40.     Masimo has engaged in a systematic campaign to broaden the scope of its patent rights with anticompetitive effect.  As a result, Masimo has misused the '955, '400, and '572 patents, and is barred from asserting them against Philips under the equitable doctrine of patent misuse.

## ELEVENTH DEFENSE – PROSECUTION LACHES

41.     The '955, '400, and '572 patents are unenforceable due to patent prosecution laches in light of Masimo's unreasonable delay in seeking the claims of the '955, '400, and '572 patents and the prejudice suffered by Philips because of this delay.

## TWELFTH DEFENSE – IMPLIED LICENSE

42.     Masimo granted to Philips an implied license to make, use, import, offer for sale, and sell products covered by the '955, '400, and '572 patents.

## COUNTERCLAIMS

Counter-plaintiff Philips Electronics North America Corporation ("Philips Electronics") alleges the following counterclaims against Masimo:

## JURISDICTION AND VENUE

43.     Philips Electronics asserts counterclaims under the Federal Declaratory Judgment Act, 28 U.S.C. § 2, seeking declaratory judgments under the patent laws of the United States,

United States Code Title 35, that the '955, 400, and '572 patents asserted by Masimo are invalid, unenforceable, and not infringed.

44.     This Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 1367(a), 2201, and 2202, and 35 U.S.C. § 1, et seq.

45.     Masimo has submitted to the personal jurisdiction of this Court.

46.     Venue is proper in this district pursuant to 28 U.S.C. § 1391, because this suit was filed in this district by Masimo.

## THE PARTIES

47.     Philips Electronics is a Delaware corporation having its principal place of business at 3000 Minuteman Road, Andover, Massachusetts 01810.

48.     Masimo purports to be a Delaware corporation with its principal place of business at 40 Parker, Irvine, California 92618.

## COUNTERCLAIM 1:  DECLARATORY JUDGMENT OF
## NON-INFRINGEMENT OF THE '955 PATENT

49.     Philips Electronics repeats and realleges Paragraphs 43-48 above as if fully set forth herein.

50.     Masimo alleges in its Complaint that it is the owner of the '955 patent, entitled "Signal Processing Apparatus," which bears an issue date of May 12, 2009.

51.     Masimo has sued Philips Electronics in the present action, alleging infringement of the '955 patent.  Thus, an immediate, real, and justiciable controversy exists between Philips Electronics and Masimo with respect to the alleged infringement of the '955 patent.

52.     Philips Electronics does not infringe, has not infringed, and does not and has not induced infringement or contributed to infringement of any claim of the '955 patent under any theory, including literal infringement and infringement under the doctrine of equivalents.

53.     Philips Electronics requests declaratory judgment that Philips Electronics does not infringe, directly or indirectly, any claim of the '955 patent.

## COUNTERCLAIM 2:  DECLARATORY JUDGMENT OF INVALIDITY OF THE '955 PATENT

54.     Philips Electronics repeats and realleges Paragraphs 43-53 above as if fully set forth herein.

55.     An immediate, real, and justiciable controversy exists between Philips Electronics and Masimo with respect to the invalidity of the '955 patent.

56.     Each claim of the '955 patent is invalid and/or unenforceable for failure to comply with one or more provisions of Title 35, United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, and 112.

57.     Philips Electronics requests declaratory judgment that each claim of the '955 patent is invalid and/or unenforceable.

## COUNTERCLAIM 3:  DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '400 PATENT

58.     Philips Electronics repeats and realleges Paragraphs 43-57 above as if fully set forth herein.

59.     Masimo alleges in its Complaint that it is the owner of the '400 patent, entitled "Signal Processing Apparatus," which bears an issue date of September 13, 2011.

60.     Masimo has sued Philips Electronics in the present action, alleging infringement of the '400 patent.  Thus, an immediate, real, and justiciable controversy exists between Philips Electronics and Masimo with respect to the alleged infringement of the '400 patent.

61.     Philips Electronics does not infringe, has not infringed, and does not and has not induced infringement or contributed to infringement of any claim of the '400 patent under any theory, including literal infringement and infringement under the doctrine of equivalents.

11

62.     Philips Electronics requests declaratory judgment that Philips Electronics does not infringe, directly or indirectly, any claim of the '400 patent.

## COUNTERCLAIM 4:  DECLARATORY JUDGMENT OF
## INVALIDITY OF THE '400 PATENT

63.     Philips Electronics repeats and realleges Paragraphs 43-62 above as if fully set forth herein.

64.     An immediate, real, and justiciable controversy exists between Philips Electronics and Masimo with respect to the invalidity of the '400 patent.

65.     Each claim of the '400 patent is invalid and/or unenforceable for failure to comply with one or more provisions of Title 35, United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, and 112.

66.     Philips Electronics requests declaratory judgment that each claim of the '400 patent is invalid and/or unenforceable.

## COUNTERCLAIM 5:  DECLARATORY JUDGMENT OF
## NON-INFRINGEMENT OF THE '572 PATENT

67.     Philips Electronics repeats and realleges Paragraphs 43-66 above as if fully set forth herein.

68.     Masimo alleges in its Complaint that it is the owner of the '572 patent, entitled "Signal Processing Apparatus," which bears an issue date of March 6, 2012.

69.     Masimo has sued Philips Electronics in the present action, alleging infringement of the '572 patent.  Thus, an immediate, real, and justiciable controversy exists between Philips Electronics and Masimo with respect to the alleged infringement of the '572 patent.

70.     Philips Electronics does not infringe, has not infringed, and does not and has not induced infringement or contributed to infringement of any claim of the '572 patent under any theory, including literal infringement and infringement under the doctrine of equivalents.

71.     Philips Electronics requests declaratory judgment that Philips Electronics does not infringe, directly or indirectly, any claim of the '572 patent.

## COUNTERCLAIM 6:  DECLARATORY JUDGMENT OF INVALIDITY OF THE '572 PATENT

72.     Philips Electronics repeats and realleges Paragraphs 43-71 above as if fully set forth herein.

73.     An immediate, real, and justiciable controversy exists between Philips Electronics and Masimo with respect to the invalidity of the '572 patent.

74.     Each claim of the '572 patent is invalid and/or unenforceable for failure to comply with one or more provisions of Title 35, United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, and 112.

75.     Philips Electronics requests declaratory judgment that each claim of the '572 patent is invalid and/or unenforceable.

## PRAYER FOR RELIEF ON PHILIPS ELECTRONICS' COUNTERCLAIMS

WHEREFORE, Philips Electronics prays for the following relief:

A.      deny any and all relief requested by Masimo, as set forth in the Complaint and dismiss the Complaint with prejudice;

B.      declare that Philips Electronics does not infringe the '955, '400, and '572 patents;

C.      declare that the '955, '400, and '572 patents are invalid;

D.      declare that the '955, '400, and '572 patents are unenforceable;

E.      declare this case to be exceptional and award Philips Electronics its reasonable attorneys fees and costs; and

F.      grant Philips Electronics such other relief as this Court deems just and proper.

## **JURY DEMAND**

Philips requests a jury trial for those issues so triable herein.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

OF COUNSEL

| | |
|---|---|
| Alan M. Grimaldi | By:   _/s/ David E. Moore_ |
| Brian A. Rosenthal | Richard L. Horwitz (#2246) |
| Ann Marie Phillips | David E. Moore (#3983) |
| MAYER BROWN LLP | Hercules Plaza, 6th Floor |
| 1999 K St. NW | 1313 N. Market Street |
| Washington DC 20006 | Wilmington, DE  19801 |
| Tel:  (202) 263-3000 | Tel:  (302) 984-6000 |
| | rhorwitz@potteranderson.com |
| | dmoore@potteranderson.com |
| Steven Yovits | |
| MAYER BROWN LLP | *Attorneys for Defendants Philips Electronics* |
| 71 S. Wacker Drive | *North America Corporation and Philips* |
| Chicago, IL 60606 | *Medizin Systeme Böblingen GmbH* |
| Tel:  (312) 782-0600 | |

Dated:  May 11, 2012
1059097 / 33976

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

<u>**CERTIFICATE OF SERVICE**</u>

I, David E. Moore, hereby certify that on May 11, 2012, the attached document was

electronically filed with the Clerk of the Court using CM/ECF which will send notification to the

registered attorney(s) of record that the document has been filed and is available for viewing and

downloading.

I further certify that on May 11, 2012, the attached document was Electronically Mailed

to the following person(s):

| | |
|---|---|
| Jack B. Blumenfeld | Joseph R. Re |
| Julia Heaney | Jon W. Gurka |
| Morris, Nichols, Arsht & Tunnell LLP | Perry Oldham |
| 1201 North Market Street | Stephen Larson |
| P.O. Box 1347 | Michelle Armond |
| Wilmington, DE  19899 | Knobbe, Martens, Olson & Bear, LLP |
| jblumenfeld@mnat.com | 2040 Main Street |
| jheaney@mnat.com | Fourteenth Floor |
| | Irvine, CA  92614 |
| | jre@kmob.com |
| | jgurka@kmob.com |
| | poldham@kmob.com |
| | stephen.larson@kmob.com |
| | michelle.armond@kmob.com |
| | |
| Karen Vogel Weil | M. Laurence Popofsky |
| Knobbe, Martens, Olson & Bear, LLP | Robert A. Rosenfeld |
| 10100 Santa Monica Boulevard, Suite 1600 | Scott A. Westrich |
| Los Angeles, CA  90067 | Orrick, Herrington & Sutcliffe LLP |
| kweil@kmob.com | The Orrick Building |
| | 405 Howard Street |
| | San Francisco, CA  94105 |
| | lpopofsky@orrick.com |
| | rrosenfeld@orrick.com |
| | swestrich@orrick.com |

*/s/ David E. Moore*
Richard L. Horwitz
David E. Moore
POTTER ANDERSON & CORROON LLP
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

907271 / 33976